**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID ANTOINE RIGGINS,

      Defendant,

      Case No. 2:20-20475
      District Judge Terrence G. Berg
      Magistrate Judge Anthony P. Patti

_____/

**ORDER OF FINDINGS FROM PRELIMINARY HEARING ON SUPERVISED RELEASE VIOLATIONS AND DISMISSING SUPERVISED RELEASE VIOLATION/CHARGE # 4 WITHOUT PREJUDICE**

For the reasons stated on the record at the preliminary hearing held on April 20, 2026, <u>all of which are hereby incorporated by this reference as though fully restated herein</u>:

1. The Court finds probable cause as to the violations/charges ## 1-3 and 5 (as set for in ECF No. 125), except that, with respect to the first charge (Violation of the Mandatory Condition that "YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE, OF LOCAL CRIME"), probable cause is lacking to the extent that the Government is accusing or charging Defendant with having discharged a firearm or committed an assault with a dangerous weapon.  And, to the extent that the number of guns found in Defendant's

possession matters, there is probable cause to believe that there were two guns in the vehicle he was driving, one in the front row near where he was sitting and one in the back near where his passenger was sitting, but evidence of a third gun being in the car was completely lacking, even if there is room to argue about exactly what types of guns were actually found in the vehicle.

2. Violation/charge # 4 (Violation of Standard Condition:  YOU MUST [NOT] COMMUNICATE OR INTERACT WITH SOMEONE YOU KNOW IS ENGAGED IN CRIMINAL ACTIVITY. IF YOU KNOW SOMEONE HAS BEEN CONVICTED OF A FELONY, YOU MUST NOT KNOWINGLY COMMUNICATE OR INTERACT WITH THAT PERSON WITHOUT FIRST GETTING THE PERMISSION OF THE PROABTION OFFICER") is **DISMISSED WITHOUT PREJUDICE** for lack of probable cause.  At both the preliminary hearing and in the violation report (*see* ECF No. 125, PageID.781), the Government linked this charge to Defendant's presence at or near the time of a homicide where drugs were also found, as shown by Defendant's GPS tether coordinate data; however, the only evidence of *others being present* comes from door camera video, which does not depict the identities of the four individuals seen at or near the scene of homicide, and does not show Defendant on scene or interacting with or in the presence of

anyone. Since no evidence was presented that would link the timing of Defendant's presence (per his tether) with the presence of any other individuals (such as those seen on video), the Government has not presented evidence that would demonstrate probable cause as to this charge.

Dated: April 21, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE